UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO RUEDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC; and DOES 1 through 20, inclusive,<br><br>Defendant. | No.  2:21-cv-02053-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Gilberto Rueda ("Plaintiff") seeks relief from Defendant ClarkWestern Dietrich Building Systems LLC ("Defendant") for wage and hour violations of the California Labor Code and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.  On September 14, 2021, Plaintiff filed a Class Action Complaint in the Superior Court of California, County of Sacramento, on behalf of himself and others similarly situated.  ECF No. 1-1 ("Compl.").  Defendant subsequently removed the case to this Court on November 5, 2021, pursuant to 28 U.S.C. § 1332.  ECF No. 1 ("Not. Removal").  Presently before the Court is Plaintiff's Motion to Remand,
///
///

which has been fully briefed.  ECF Nos. 5 ("Pl.'s Mot."), 7 ("Def.'s Opp'n"), 8 ("Pl.'s Reply").  For the reasons set forth below, Plaintiff's Motion is GRANTED.[1]

## BACKGROUND[2]

Defendant, a manufacturer of construction materials, employed Plaintiff and other California citizens as non-exempt employees at its California business locations.  Plaintiff first alleges that, although Defendant knew or should have known that Plaintiff and the class members were entitled to receive wages for all time worked (including minimum and overtime wages), they were not paid such wages for all hours worked at the correct rate due, in part, to requirements to work off-the-clock, and overtime calculations that omitted non-discretionary bonuses or other incentive pay.  Furthermore, Plaintiff and the class members allegedly did not receive all meal periods or rest breaks or, alternatively, the requisite substitute compensation for those missed periods and breaks.  Defendant also allegedly did not provide Plaintiff and the class members with accurate itemized wage statements.  Finally, a subset of class members was entitled to a timely payment of wages due upon separation of employment, but they allegedly did not receive payment of all wages within permissible time periods.  According to Plaintiff, Defendant knew or should have known that it had a duty to compensate Plaintiff and the class members, and had the financial ability to pay such compensation, but Defendant willfully, knowingly, and intentionally failed to do so in order to increase its profits.

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint.

2

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States, [or] citizens of a State and citizens or subjects of a foreign state . . . ."  Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction."  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

**ANALYSIS**

Although the instant case is a proposed class action, Defendant seeks removal pursuant to the Court's traditional diversity jurisdiction.  See Not. Removal ¶ 8.  There is no dispute that Plaintiff is a citizen of California whereas Defendant is a Delaware

corporation with its principal place of business in Ohio.  Id. ¶¶ 9, 11; see 28 U.S.C. § 1332(c) (stating that a corporation is a citizen of both the state where it was incorporated and the state where it has its primary place of business).  At issue is whether the amount in controversy requirement is satisfied.

Defendant contends that, "[b]ased on [its counsel's] expertise and experience, the nature of Plaintiff's allegations, and the relief sought by Plaintiff, the amount in controversy exceeds $75,000, exclusive of interest and costs."  Not. Removal ¶ 15 ("Counsel for Defendant specializes in representing employers in employment matters, and in particular, wage and hour litigation.").  Plaintiff opposes removal on grounds that "[t]here is nothing in the [Notice of Removal] that plausibly alleges Plaintiff's damages exceed any amount, let alone the jurisdictional minimum."  Pl.'s Mot. at 4 ("It is impossible to estimate damages under the Labor Code in this case without first knowing how long Plaintiff worked for Defendant and what his hourly rate was.").

A preponderance of the evidence standard applies "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled."  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).  In other words, "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006).  Under this standard, "[t]he removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  Behrazfar v. Unisys Corp., 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).  When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met.  Id. (citations omitted).

///

4

Defendant primarily argues that the reasonable amount of attorneys' fees in this case exceeds $75,000. See Def.'s Opp'n at 6–7 (collecting cases). In support, Defendant asserts that the 2018 hourly rates for Samuel A. Wong, Kashif Haque, and Jessica L. Campbell, Plaintiff's attorneys of record, were $685, $685, and $450, respectively.[3] Id. at 7; see also Ex. 1, Def.'s RJN, ECF No. 7-4, at 16. Assuming Plaintiff's counsel bills 100 to 300 hours, Defendant reaches the following estimates:

> On the low end of this range, assuming Plaintiff's counsel spends 125 hours litigating this matter, their fees will add up to $63,593.75. This figure is based on the following reasonable assumptions: 75% of the fees are billed by the lower hourly rate ($450 per hour), and 25% of the fees are billed by the top hourly rate ($685 per hour). [(125 hours x 75% = 93.75 hours) x $450 = $42,187.50] + [(125 hours x 25% = 31.25 hours) x $685 = $21,406.25] = $63,593.75.
>
> At the high end of the range, assuming that Plaintiff's attorneys spend 300 hours litigating this case and the same 75% / 25 % allocation of fees to the lower hourly rate and higher hourly rate, respectively, Plaintiff's attorney's fee recovery amounts to $152,625. [(300 hours x 75% = 225 hours) x $450 = $101,250] + [(300 hours x 25% = 75 hours) x $685 = $51,375] = $152,625.
>
> Even using the lowest end of the range, and assuming Plaintiff's attorneys spend 100 hours litigating this case with the same allocation of fees to the lower and higher hourly rates as above, Plaintiff's attorney's fee recovery is $50,875.00. [(100 hours x 75% = 75 hours) x $450 = $33,750] + [(100 hours x 25% = 25 hours) x $685 = $17,125) = $50,875.

Def.'s Opp'n at 7–8.

///

///

///

///

---

[3] Defendant asks the Court to take judicial notice of the Declaration of Samuel A. Wong in support of a Motion for Final Approval of Class Action Settlement filed in another district court case. ECF Nos. 7-3, 7-4. Plaintiff does not oppose Defendant's request. Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of matters of public record. Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001). Because this document is the proper subject of judicial notice, Defendant's Request for Judicial Notice ("RJN") is GRANTED.

Attorneys' fees may be considered in determining the amount in controversy if such fees are recoverable by Plaintiff, either by statute or contract.[4] Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).  Here, Plaintiff seeks attorneys' fees under California Code of Civil Procedure § 1021.5, which awards attorneys' fees "to a successful party," and California Labor Code §§ 226(e) and 1194, which awards attorneys' fees to a prevailing employee.  See Compl. at 22 ¶ 13.

"For purposes of traditional diversity jurisdiction in class action cases, the Ninth Circuit has determined when 'attorneys' fees are not awarded solely to the named plaintiffs in a class action [by the authorizing statute] . . . [they] cannot be allocated solely to those plaintiffs for purposes of amount in controversy.'"  Jurado v. Aequor Healthcare Servs., LLC, No. 2:21-cv-02633-VAP-ASx, 2021 WL 2178846, at *2 (C.D. Cal. May 27, 2021) (quoting Gibson v. Chrysler Corp., 261 F.3d 927, 942 (9th Cir. 2001)) (alterations in original).  "In such cases, courts determine the plaintiff's appropriate share of attorneys' fees by distributing the total estimated fees on a pro rata basis amongst the named plaintiff(s) and class members."  Jurado, 2021 WL 2178846, at *2; see also Davenport v. Wendy's Co., No. 2:13-cv-02159-GEB-KJN, 2013 WL 6859009, at *2 (E.D. Cal. Dec. 24, 2013) ("To determine the amount in controversy under § 1332(a), 'any potential attorneys' fees award . . . must be divided among all members of the plaintiff class . . .[,]' unless the statute under which fees are sought allocates fees exclusively to the named plaintiff.") (quoting Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001)) (alterations in original).  Because sections 1021.5, 226, and 1194 "do not allocate attorneys' fees exclusively to the named plaintiff, [Defendant's] estimate of potential attorneys' fees must be divided by the number of class members."  Id.

///

---

[4] The parties do not address "whether an estimate of attorneys' fees incurred after the removal date should be included in the amount in controversy."  Lippold v. Godiva Chocolatier, Inc., No. C 10-00421 SI, 2010 WL 1526441, at *3 (N.D. Cal. Apr. 15, 2010) (noting a split in Ninth Circuit authority).  In any event, this Court has consistently held that such an estimate may be included in calculating the amount in controversy and holds so here.  See, e.g., Haase v. Aerodynamics Inc., No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519 (E.D. Cal. Oct. 19, 2009).

In the Complaint, Plaintiff alleges that "the class is estimated to be greater than twenty-five (25) individuals." Compl. ¶ 25(a). Taking Defendant's high-end estimate of $152,625, divided by 25 class members, the amount of Plaintiff's individual attorneys' fees is $6,105. In addition to attorneys' fees, Defendant also alleges the following amounts in controversy for Plaintiff's claims: (1) $4,254.50 for failure to pay minimum wages; (2) $6,217.38 for unpaid overtime wages; (3) $8,289.84 for missed meal and rest periods; (4) $1,950 for failure to provide accurate itemized wage statements; and (5) $7,220.40 for waiting time penalties. See Def.'s Opp'n at 14. However, after adding the aforementioned amounts with Plaintiff's individual amount of attorneys' fees ($6,105), the total amount in controversy is $34,037.12, which is far below the $75,000 threshold. See Pl.'s Reply at 4. Defendant has failed to establish by a preponderance of the evidence that the amount in controversy requirement is satisfied and therefore, Plaintiff's Motion to Remand is GRANTED.[5]

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 5, is GRANTED. Accordingly, the Court REMANDS this case back to the originating state court, the Superior Court of California, County of Sacramento, for final adjudication. Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is ordered to mail a certified copy of this Order of remand to the clerk of the originating state court. The state court may

///

---

[5] Should Plaintiff's Motion be granted, Defendant seeks a continuance to conduct jurisdictional discovery, which Plaintiff opposes. Def.'s Opp'n at 15; Pl.'s Reply at 4–5. Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) ("The district court's refusal to provide such discovery, 'will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'") (citation omitted). Defendant's only argument in support of jurisdictional discovery is that "Plaintiff's Complaint is not a model of clarity, but it broadly alleges routine Labor Code violations." Def.'s Opp'n at 15. This is insufficient to warrant jurisdictional discovery and therefore, Defendant's request is DENIED.

1 thereupon proceed with this case.  The Clerk of Court shall thereafter close the case in
2 this Court.
3     IT IS SO ORDERED.
4 Dated:  April 14, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE